UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

STEPHANIE C. MITCHELL                    CIVIL ACTION NO. 11-cv-1483

VERSUS                                   JUDGE FOOTE

MICHAEL J. ASTRUE                        MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

Stephanie C. Mitchell ("Plaintiff"), who was originally represented by attorney John Ratcliff, commenced this civil action to appeal a denial of social security benefits.  Mr. Ratcliff, because of health problems and other issues, was unable to file a brief, despite three extensions of time.  Ratcliff eventually filed a Motion to Withdraw based on an inability to adequately represent Plaintiff in this case.

A Memorandum Order (Doc. 12) issued that granted the Motion to Withdraw and allowed Plaintiff more than 30 days, until May 29, 2012, to file a written brief and argue why the Commissioner committed error in her case.  Plaintiff was told that the brief could be filed by new counsel or by Plaintiff, but someone must file a brief by the deadline or the case would be subject to dismissal without further notice.  The court allowed that if new counsel enrolled by the deadline, the court could grant a brief extension of time.  Plaintiff was encouraged to act immediately if she intended to seek representation by another attorney.  The order also pointed to the requirements of the Scheduling Order with respect to the contents of a brief.  A copy of the order was mailed to Plaintiff at her home address.  The

May 29, 2012 deadline has passed, and Plaintiff has not filed a brief, a motion for extension of time, or anything else since the order issued.

A district court has the inherent authority to dismiss an action, even sua sponte, for failure to prosecute, with or without notice to the parties. Link v. Wabash Railroad Co., 82 S.Ct. 1386, 1388-89 (1962); Rogers v. Kroger Co., 669 F.2d 317, 319-20 (5th Cir. 1982). A dismissal without prejudice in this case would likely be the equivalent of dismissal with prejudice because a new complaint would likely be time barred, so the dismissal should be considered as if it is with prejudice. Berry v. CIGNA/RSI-CIGNA, 975 F.2d 1188, 1191 (5th Cir.1992).

Dismissals with prejudice as a sanction for violating a court order or rule require a showing of a clear record of delay or contumacious conduct by the plaintiff and a finding that lesser sanctions would not serve the best interests of justice. Sealed Appellant v. Sealed Appellee, 452 F.3d 415, 417 (5th Cir. 2006). They also usually, but not necessarily, also require one or more additional aggravating factors. Those factors are the extent to which the plaintiff, as distinguished from his counsel, was personally responsible for the delay, the degree of actual prejudice to the defendant, and whether the delay was the result of intentional conduct. Id. at 418.

There has been a clear record of delay in this case, and the most recent delay was caused by Plaintiff herself and cannot be blamed on an attorney. The order that explained what Plaintiff must do was clear and simple, but there is no indication in the record of any attempt to comply with it. A lesser sanction, such as imposing a monetary sanction on the

pauper plaintiff, would be futile and would not likely result in the filing of a brief. The absence of a brief leaves the court with no indication of what errors Plaintiff might contend were committed during the administrative process, and there is no indication that additional orders or extensions would result in the filing of a brief. Considering these circumstances, and the additional notice and opportunity to respond that will result from the issuance of this Report and Recommendation, dismissal is appropriate even though it may effectively be with prejudice.

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's complaint be dismissed without prejudice for failure to prosecute.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within seven (7) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to

proposed factual findings and legal conclusions accepted by the district court.  See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 18th day of June, 2012.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE